UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENOCH CONNERS,<br><br>           Petitioner,<br><br>    v.<br><br>PFEIFFER,<br><br>           Respondent. | No. 2:19-cv-0638 DB P<br><br><br>ORDER |

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges prison officials have failed to provide him with a hearing regarding the alleged miscalculation of his release date. Presently before the court is petitioner's motion to proceed in forma pauperis and his original and amended petitions (ECF Nos. 1, 9, 10) for screening. For the reasons set forth below the court will grant the motion to proceed in forma pauperis and dismiss the petitions with leave to amend.

**I.    In Forma Pauperis**

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

////

////

**II.     The Petitions**

Petitioner initiated this action by filing the original petition on April 8, 2019.[1] (ECF No. 1.) Thereafter, petitioner filed two more petitions. (ECF Nos. 9, 10.) It appears that petitioner claims he is entitled to federal habeas relief because his good-time credits have not been properly calculated and/or was not provided with due process protections during a disciplinary hearing. However, because the claims contained in the various petitions vary somewhat, the court will direct petition to file a third amended petition that is complete.

Rule 2(c) of the Rules Governing Habeas Corpus cases instructs the petitioner to "specify all the grounds for relief available to [him]" and to state the facts supporting each ground." See also Hendricks v. Vasquez, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity). Additionally, petitioner is informed that in any amended petition he must include all claims he wishes to pursue and may not incorporate by reference any parts of prior petitions. See Ferdick v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). In any amended petition petitioner should clearly and succinctly state all the grounds for relief. Additionally, the amended petition should be on the court's form for habeas petitions.

**III.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma paupers (ECF No. 5) is granted;
2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend;
3. Petitioner shall file an amended petition within thirty days of service of this order.

   Any amended petition must be completed on the form provided by the court and bear the case number assigned to this action and the title "Third Amended Petition."

   Failure to comply with this order will result in a recommendation that this action be dismissed.

////

---

[1] Pursuant to the "mailbox rule," prisoners are deemed to have filed documents with the court on the date they gave them to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988).

2

4. The Clerk of the Court is directed to send petition the court's form for an application for writ of habeas corpus.

Dated: July 31, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas/conn0638.scrn